UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WAYNE JOHNSON, *et al.*,<br><br>                Plaintiff,<br>    v.<br><br>GILBERT PETER, *et al.*,<br><br>                Defendant. | CASE NO. 2:21-cv-1602-LK<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND ORDER TO SHOW CAUSE |

      This matter came before the Court on Plaintiffs' Motion for Entry of Default Judgment. Dkt. No. 10. Before the Court enters a default judgment, Plaintiffs must demonstrate that the Court has subject matter jurisdiction over this matter. *See, e.g., Ridings v. Lane County, Oregon*, 862 F.2d 231, 233 (9th Cir. 1988) ("[I]t is the duty of any court to ensure itself of its own subject matter jurisdiction.").

      Plaintiffs' complaint, which asserts state law claims for breach of contract, fraud, conversion, and unjust enrichment, alleges that subject matter jurisdiction exists based solely on diversity of the parties. Dkt. No. 1 at ¶ 6. Plaintiffs' complaint names two defendants: (1) Gilbert

Peter, an individual; and (2) Gene Equity, LLC, and alleges that Gene Equity, LLC is a dissolved Delaware limited liability company. *Id.* at ¶¶ 3, 6.

Plaintiffs' complaint does not include allegations regarding the citizenship of the members of Defendant Gene Equity, LLC, and the allegations in Plaintiffs' complaint are insufficient to establish the existence of diversity jurisdiction. Gene Equity, LLC has not appeared or filed a corporate disclosure statement. Although Plaintiffs allege that Gene Equity, LLC is a Delaware limited liability company (LLC), the Ninth Circuit has held that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because Plaintiffs' complaint fails to identify the citizenship of each owner/member of Gene Equity, LLC, the complaint fails to provide sufficient allegations to establish diversity jurisdiction. *See, e.g., Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438 (9th Cir. 1992) (noting that a plaintiff asserting diversity jurisdiction is "required to specify affirmatively the citizenship of all relevant parties"); *DeVito Verdi, Inc. v. Legal Sea Foods, Inc.*, No. 1:21-CV-1007-MKV, 2021 WL 1600088, at *2 (S.D.N.Y. Apr. 23, 2021) (denying plaintiff's motion for default judgment and dismissing complaint for failure to plead diversity jurisdiction where plaintiff did not allege the citizenship of LLC members; collecting cases doing the same).

Accordingly, Plaintiffs' Motion for Entry of Default Judgment, Dkt. No. 10, is DENIED without prejudice. Plaintiffs may refile their motion if they can establish the Court's jurisdiction over this matter.

Furthermore, Plaintiffs are ORDERED to show cause why the Court should not dismiss this case without prejudice for lack of subject matter jurisdiction. Plaintiffs' response to this Order is due within fourteen days of the date of this Order and shall be limited to six pages. Plaintiffs may also respond to this Order by filing an amended complaint that specifically alleges

the citizenship of each member of Gene Equity, LLC. If Plaintiffs fail to respond to this Order to show cause within the time prescribed, the Court will dismiss this action without prejudice.

The Clerk is directed to note this order to show cause on the Court's calendar for February 15, 2022.

Dated this 1st day of February, 2022.

*Lauren King*
Lauren King
United States District Judge

ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND ORDER TO SHOW CAUSE - 3