UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WAYNE JOHNSON, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>GILBERT PETER, *et al.*,<br><br>                    Defendants. | CASE NO. 2:21-cv-1602-LK<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO SEVER |

## I.  INTRODUCTION

This matter comes before the Court on a motion filed by Plaintiffs Wayne and Bethany Johnson ("Plaintiffs") to respond to the Court's Order to Show Cause and to sever defendant Gene Equity LLC as a defendant in this action. For the reasons set forth below, the Court GRANTS the motion to sever. Dkt. No. 12.

## II.  DISCUSSION

Plaintiffs filed their complaint before this Court in November 2021. In January 2022, Plaintiffs moved for default against Defendants Gilbert Peter and Gene Equity LLC, and the Clerk of the Court granted their motion and entered default. Dkt. Nos. 8, 9. Thereafter, Plaintiffs moved

ORDER GRANTING PLAINTIFFS' MOTION TO SEVER - 1

for a default judgment against both defendants. Dkt. No. 10. The Court denied the motion without prejudice and ordered Plaintiffs to show cause why the Court should not dismiss this matter for lack of subject matter jurisdiction because the complaint did not identify the citizenship of each owner/member of Gene Equity, LLC or establish diversity jurisdiction. Dkt. No. 11 (citing *Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438 (9th Cir. 1992) (a plaintiff asserting diversity jurisdiction is "required to specify affirmatively the citizenship of all relevant parties")). Plaintiffs promptly responded to the order to show cause and have moved to sever defendant Gene Equity LLC. In their combined response and motion, Plaintiffs state that they are unable to determine the members of Gene Equity LLC without further delay and expense because Delaware, where the business was incorporated, does not require naming members or owners when filing for limited liability companies. Dkt. No. 12 at 2.

      Pursuant to Federal Rule of Civil Procedure 21, "the court may at any time, on just terms, add or drop a party." "Courts may invoke Rule 21 to dismiss non-diverse parties and preserve their jurisdiction over cases originally filed in federal court." *Cicero v. Am. Fam. Mut. Ins. Co.*, C19-1457-JCC, 2019 WL 6716787, at *3 (W.D. Wash. Dec. 10, 2019) (emphasis omitted). Where a complaint does not allege the citizenship of an LLC defendant, district courts can dismiss the non-diverse party as long as that party is not considered an indispensable party under Federal Rule of Civil Procedure 19. *See, e.g., Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980) ("Rule 21 grants a federal district . . . court the discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19.").

      To determine if a party is indispensable under Federal Rule of Civil Procedure Rule 19(a), courts must determine (1) whether complete relief can be afforded if the action is limited to the existing parties, and (2) whether the absent party has a "legally protected interest" in the subject

of the action and, if so, whether the party's absence will "impair or impede" the party's ability to protect that interest or will leave an existing party subject to multiple, inconsistent legal obligations with respect to that interest. *White v. Univ. of Cal.*, 765 F.3d 1010, 1026 (9th Cir. 2014) (cleaned up). As for the first factor, the Court finds that Plaintiffs can obtain complete relief without the presence of Gene Equity LLC in this action. Plaintiffs bring claims for breach of contract, fraud, unjust enrichment, and conversion. Dkt. No. 1. According to the complaint, the individual defendant Gilbert Peter personally solicited funds from Plaintiffs, signed and personally guaranteed the Promissory Note that is at issue in this case, and mailed a fraudulent check to Plaintiffs several months after they wired the funds to his bank account. Dkt. No. 1 ¶¶ 13-15, 17, 20. Based on those allegations, Plaintiffs could obtain complete relief against the remaining defendant, Gilbert Peter, and Gene Equity is not a necessary party.

Turning to the second factor, even if Gene Equity LLC has an interest in the subject of this action, disposing of this action without it would not impair its ability to protect that interest. Gene Equity LLC has not appeared or filed a counterclaim. If the Court were to enter judgment, it would only be against Defendant Gilbert Peter. Gene Equity LLC would not be subject to incurring multiple or inconsistent obligations. Gene Equity LLC has not opposed this motion or identified any prejudice it would suffer if the Court grants the motion. No party would suffer prejudice if Gene Equity LLC is dropped from the lawsuit. *See, e.g., Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (explaining that a court may not drop a party if a substantial right of the parties would be prejudiced by the severance).

In addition, it appears unlikely that Plaintiffs will pursue a separate action against Gene Equity LLC, and thereby undermine judicial efficiency, because Gene Equity LLC is a dissolved corporate entity, and Plaintiffs can obtain complete relief from Gilbert Peter. Dkt. No. 1 ¶ 3.

Plaintiffs have not expressed any intention or desire to pursue a separate action against Gene Equity LLC.

Gene Equity LLC is therefore not an indispensable party under Federal Rule of Civil Procedure 19, and this action may proceed without it. Accordingly, the Court grants Plaintiffs' motion to sever Gene Equity LLC from this action.[1]

Without Gene Equity LLC, the existing parties are diverse. The complaint alleges that Plaintiffs are citizens of Washington and Defendant Gilbert Peter is a citizen of Florida. Dkt. No. 1 ¶¶ 1, 2. The complaint also alleges that the amount in controversy exceeds $75,000. *Id.* ¶ 6. Therefore, it appears that this Court has jurisdiction under 28 U.S.C. § 1332.

### III.   CONCLUSION

Plaintiffs' motion to sever, Dkt. No. 12, is GRANTED. Plaintiffs' claims against Gene Equity LLC are dismissed without prejudice under Federal Rule of Civil Procedure 21.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address. The Clerk is also directed to remove the Court's Order to Show Cause, Dkt. No. 11, from the motions calendar because Plaintiffs have provided cause for the Court to retain jurisdiction over this case.

Dated this 25th day of February, 2022.

Lauren King
United States District Judge

---

[1] Because the Court grants Plaintiffs' motion to sever, it does not consider their alternative request to allow them to amend their complaint to drop Gene Equity LLC as a party under Federal Rule of Civil Procedure 15. Moreover, rules 15 and 21 apply the same basic standards, so the result would be the same under Rule 15. *See, e.g.*, *De Malherbe v. Int'l Union of Elevator Constructors*, 438 F. Supp. 1121, 1128 (N.D. Cal. 1977) ("The liberal standard of Rule 15 also applies to Rule 21 motions."); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1474 (3d. ed. 2021) ("[T]he same basic standard for adding or dropping a party will apply whether the pleader moves under Rule 15(a) or Rule 21.").